**FEN FEI WANG, Petitioner,**

v.

**Eric H. HOLDER, Attorney General,[1] Respondent.**

No. 08–0844–ag.

United States Court of Appeals, Second Circuit.

Feb. 25, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Blair T O'Connor, Assistant Director; Joseph D. Hardy, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Fen Fei Wang, a native and citizen of the People's Republic of China, seeks review of the February 11, 2008 order of the BIA denying his motion to reopen. *In re Fen Fei Wang*, No. A78 745 506 (B.I.A. Feb. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Wang's motion to reopen as untimely. A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). Here, it is undisputed that Zheng's motion to reopen was untimely, where it was filed four years after the BIA's 2003 order. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Wang manifestly fails to meet this test.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).